IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS COMMERCIAL ) <br> CASUALTY COMPANY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALLEN EXTERIORS, INC., ) <br> a Missouri corporation, ) <br> Serve: Missouri Secretary of State ) <br>     Corporations Division Room 322 ) <br>     600 West Main Street ) <br>     Jefferson City, MO  65102 ) <br> ) <br>     Defendant, ) <br> ) | Case No.: <br><br><br><br> JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW Plaintiff Travelers Commercial Casualty Company, by and through its undersigned attorneys, and for its Complaint against Allen Exteriors, Inc., states as follows:

1. Plaintiff Travelers Commercial Casualty Company ("Travelers") is a foreign corporation organized and existing under the laws of the State of Connecticut and authorized to do business in the State of Missouri.

2. Defendant Allen Exteriors, Inc. ("Defendant") was at all relevant times a corporation organized and existing under the laws of the State of Missouri.

3. The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Because complete diversity of citizenship between Plaintiff and Defendant exists and because the amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), jurisdiction is proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446.

5. Travelers was, at all times material to this action, an insurance company authorized to do business in the State of Missouri.

6. Defendant was, at all relevant times, primarily engaged in the business of windows, siding and gutter work for residential dwellings.

7. Defendant utilizes numerous subcontractors who perform windows, siding and gutter services for Defendant.

8. Under Sections 287.060, R.S.Mo. 2000, and Section 287.030(3), R.S.Mo. 2000, employers are required to carry workers' compensation insurance or be self-insured for workers' compensation, as provided by law.

9. On August 11, 2004, Defendant submitted an application (hereinafter "Application") to Travelers for Workers' Compensation Insurance for the period from August 12, 2004, to August 12, 2005. A copy of the Application is attached hereto as Exhibit 1 and is incorporated herein by reference.

10. Defendant represented in the Application that it performed primarily windows, siding and gutter work.

11. Based on the information provided by Defendant in the Application, Travelers issued to Defendant a Workers' Compensation and Employer's Liability Insurance Policy, Number 3500B120 (hereinafter "Policy").

12. Travelers fully performed all of its obligations under the Policy.

13. The Policy, which is a contract between Travelers and Defendant, provided that the premium for workers' compensation coverage could be modified from the estimated amount paid upon initiation of the Policy based on the value of Defendant's payroll during the Policy period as ascertained by an audit conducted by Travelers.

14. During its annual audit for the period from August 12, 2004 to August 12, 2005, Travelers concluded that several of Defendant's subcontractors did not have valid certificates of liability insurance. As a result, these subcontractors were covered under the policy issued to Defendant by Travelers.

15. The audit performed by Travelers, for the period from August 12, 2004 to August 12, 2005, resulted in a total earned premium of $465,765, of which $455,956 remains unpaid by Defendant.

16. Missouri's Workers Compensation Act creates an employer-employee relationship for purposes of workers' compensation where such an employment relationship would exist at common law. Where a "principal" under the Act undertakes to execute any work that is encompassed by the principal's business, the principal is liable to pay compensation under the Statute, regardless of whether the work was performed by a worker immediately employed by the principal or by a worker employed by a contractor.

17. Defendant was a principal under the scheme described in paragraph 16 because it contracted or hired laborers to perform Defendant's work in Defendant's trade or business.

18. Missouri's Workers' Compensation Act holds that a general contractor is liable in the event of a claim for an uninsured subcontractor. A general contractor is, therefore, responsible for paying premiums for any subcontractor that does not provide proof of valid workers' compensation coverage.

19. Travelers would be, and remains, liable for any work-related injuries suffered by Defendant's workers and subcontractors who do not have valid certificates of liability insurance. By failing to pay the full premium and failing to follow the Workers' Compensation Act, Defendant is liable to Travelers for the unpaid premiums.

## COUNT I
## BREACH OF CONTRACT

COMES NOW Plaintiff Travelers, and for Count I of its Petition against Defendant, states:

20. Travelers incorporates by reference each and every allegation in paragraphs 1 through 19 as though fully set forth in Count I.

21. Under the Policy, Defendant agreed to pay the estimated premium at the beginning of the policy term, as well as the final, actual premium as calculated by an audit conducted by Travelers.

22. Travelers performed all of its obligations under the Policy.

23. Following the termination of the Policy, Travelers conducted an audit of Defendant's payroll records. Plaintiff calculated the total premium to be substantially greater than the estimated premium paid by Defendant when the Policy was issued.

24. Travelers notified Defendant on several occasions of the $455,956 balance due and requested payment as required by the Policy.

25. Defendant has breached the terms of the Policy by failing to pay the final, actual premium.

26. There is a balance of $455,956 owed by Defendant to Travelers, and though often requested by Travelers to pay, Defendant has failed and refused to pay the balance or any part thereof.

WHEREFORE, Travelers prays judgment against Defendant in the sum of $455,956 with pre-judgment interest thereon at the lawful rate, for all costs of this action including reasonable attorney fees, and for such other relief as the Court deems just and equitable.

## COUNT II
## QUANTUM MERUIT

COMES NOW Plaintiff Travelers, and for Count II of its Petition against Defendant, states:

27. Travelers incorporates by reference each and every allegation in paragraphs 1 through 26 as though fully set forth in Count II.

28. From August 12, 2004 to August 12, 2005, Travelers provided Defendant, at its specific insistence and request, workers' compensation insurance valued at $465,765, of which $455,956 remains unpaid.

29. Defendant has accepted and received Travelers' insurance which, under the circumstances, makes it inequitable or results in the unjust enrichment of Defendant if payment is not made to Travelers.

30. Defendant has failed and refused to pay to Travelers the balance due and owing, plus interest thereon, notwithstanding Travelers' frequent demands for payment.

31. Travelers has fully and completely performed all of its obligations to Defendant; therefore, Travelers is entitled to payment from Defendant in the principal amount of $455,956, plus interest thereon.

36. The fair and reasonable value of insurance supplied to Defendant by Travelers, and for which payment has not been received by Travelers, is the principal amount of $455,956, plus interest thereon.

37. Defendant has accepted from Travelers and benefited by Travelers' insurance.

WHEREFORE, Travelers prays judgment against Defendant in the principal sum of $455,956, together with interest thereon at the highest legal rate, for all costs incurred herein,

including reasonable attorney fees and for such other and further relief as the Court deems just and appropriate.

_____
Robert W. Cockerham          #2832
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri  63101-2000
(314) 421-3400
(314) 421-3128 – Facsimile
rcockerham@bjpc.com

Attorney for Plaintiff
Travelers Commercial Casualty Company