UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS COMMERCIAL CASUALTY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 4:08-CV-852 (CEJ) |
| ALLEN EXTERIORS, INC., ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against defendant Allen Exteriors, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiff brings claims for breach of contract and quantum meruit to recover premium payments in the amount of $411,826 owed on a policy for workers' compensation insurance issued to defendant. The summons and a copy of the complaint were served on June 23, 2008, by service upon the Missouri Secretary of State. Defendant did not file an answer or other responsive pleading and, on September 3, 2008, the Clerk of Court entered default against defendant.

**Discussion**

Defendant's default constitutes an admission of the allegations contained in plaintiff's first amended complaint. Defendant Allen Exteriors, Inc., engages in the business of roofing for residential dwellings and utilizes numerous subcontractors. On August 11, 2004, defendant submitted an application to plaintiff Travelers Commercial Casualty Company (Travelers) for workers'

compensation insurance for the period of August 12, 2004, to August 12, 2005.  The application describes defendant's business as "general contractor -- windows, siding, gutters."  The application also indicates that defendant had two full-time employees, with an estimated annual remuneration of $60,000.

Plaintiff submits the affidavit of Laura Leyland, Assistant Director of the Affinity and Alternative Market Division. According to Ms. Leyland, under the terms of the workers' compensation policy issued to defendant, the initial estimated premium could be modified based upon the value of defendant's payroll during the coverage period.  Plaintiff completed an audit for the coverage period and determined that defendant had a number of subcontractors who did not have valid certificates of liability insurance.  As a result, the subcontractors were covered under the workers' compensation policy Travelers issued to defendant. Travelers determined that the premium for the coverage year was $421,635, of which $411,826 remains unpaid.

Plaintiff brings claims for breach of contract and quantum meruit.  "An insurance policy is a written contract between the insurer and the insured and each is bound by its terms."  Brattin Ins. Agency, Inc. v. Triple S. Properties, Inc., 77 S.W.3d 687, 688 (Mo. Ct. App. 2002).  Quantum meruit is a quasi-contractual remedy and is generally justified on the theory of unjust enrichment. Miller v. Horn, 254 S.W.3d 920, 924 (Mo. Ct. App. 2008) (citing JB Contracting, Inc. v. Bierman, 147 S.W.3d 814, 818 (Mo. Ct. App. 2004)).  Unjust enrichment occurs where a benefit is conferred upon

a party under circumstances in which the retention of such benefit, without paying its reasonable value, would be unjust. S & J, Inc. v. McLoud & Co., 108 S.W.3d 765, 768 (Mo. Ct. App. 2003). The elements of unjust enrichment are: "(1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; [and] (3) that it would be unjust to allow the defendant to retain the benefit." Id.

Under the Missouri Workers' Compensation law, a general contractor is the statutory employer of the employees of a subcontractor. Mo. Rev. Stat. § 287.040.3. See Fisher v. Bauer Corp., 239 S.W.3d 693 (Mo. Ct. App. 2007) (injured worker's negligence claim against general contractor barred by exclusive jurisdiction of Labor and Industrial Relations Commission). Thus, as defendant's insurance provider, Travelers will be liable for any on-the-job injuries sustained during the coverage period by the employees of defendant's subcontractors who did not insure their employees.

Although plaintiff has adequately stated the elements of a breach of contract claim, the record does not contain the necessary factual support for the damages plaintiff seeks. Specifically, plaintiff has not provided a copy of the insurance policy. Also missing from the record is the documentation Ms. Leyland relied upon in determining the adjusted premium.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall, not later than **November 17, 2008**, file a copy of the Workers' Compensation and

Employer's Liability Insurance Policy, No. 3500B120, and (2) additional evidence to support its calculation of a total earned premium in the amount of $421,635 and the unpaid balance of $411,826.

                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2008.