UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TRAVELERS COMMERCIAL CASUALTY COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:08-CV-852 (CEJ) |
| ALLEN EXTERIORS, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended motion for default judgment against defendant Allen Exteriors, Inc., pursuant to Fed.R.Civ.P. 55(b)(2).

Plaintiff brings claims for breach of contract and quantum meruit to recover premium payments in the amount of $405,388.75[1] owed on a policy for workers' compensation insurance issued to defendant. The summons and a copy of the complaint were served on June 23, 2008, by service upon the Missouri Secretary of State. Defendant did not file an answer or other responsive pleading and, on September 3, 2008, the Clerk of Court entered default against defendant.

### Discussion

Defendant's default constitutes an admission of the allegations contained in plaintiff's first amended complaint. Defendant Allen Exteriors, Inc., engages in the business of roofing for residential dwellings and utilizes numerous subcontractors. On August 11, 2004, defendant submitted an application to plaintiff Travelers Commercial Casualty Company (Travelers) for workers' compensation insurance for the period of

---

[1] Plaintiff originally sought $411,826. In its amended motion, plaintiff states that it received valid certificates of workers' compensation insurance for three additional subcontractors.

August 12, 2004, to August 12, 2005. The application describes defendant's business as "general contractor -- windows, siding, gutters."

The amount of the premium is determined by multiplying remuneration for each "work classification" by a "rate" reflecting the risk associated with each classification. Part 5C. In its application, defendant stated that it had two full-time employees, with an estimated annual remuneration of $60,000. Applying the appropriate rates for exposure associated with the employees' work classifications, the initial estimated premium was set at $10,764. The policy provided that subsequent adjustments to the premium would be made based upon the actual value of defendant's payroll during the coverage period. Part 5E.

According to Laura Leyland, Assistant Director of plaintiff's Affinity and Alternative Market Division, plaintiff determined in the course of an audit that defendant employed a number of subcontractors who did not have valid certificates of liability insurance. These subcontractors performed roofing work, carpentry work, electrical work, painting and millwrighting. Under the Missouri Workers' Compensation law, defendant was the statutory employer of the employees of the subcontractors. Mo.Rev.Stat. § 287.040.3. As defendant's insurance provider, Travelers is liable for any on-the-job injuries sustained during the coverage period by the employees of subcontractors who did not insure their employees.

Travelers submits a copy of defendant's general ledger for the period of August 12 through December 3, 2004. Based upon the entries in the ledger, plaintiff asserts that defendant paid the following amounts to uninsured subcontractors: $1,200,818 for roofing work (exposure rate = 31.18%); $152,437 for carpentry work (exposure rate = 17.06%); $35,151 for painting work (exposure rate = 13.46%); $1,114 for electrical work (exposure

rate = 6.9%); and $620 for millwright work (exposure rate = 12.9%). The adjusted premium based on these payments is $405,389.

Plaintiff has established its right to recover additional premium based upon defendant's actual payroll. Based upon its independent review of the defendant's general ledger, the Court finds that defendant's actual payroll in the relevant categories is as follows: $934,914 for roofing work;[2] $150,980 for carpentry work;[3] $35,151 for painting work; $1,114 for electrical work; and $305 for millwork.[4] Applying the appropriate rates, the Court determines that the amount of the final premium is $322,110, of which defendant has paid $9,809. Default judgment will be entered in the amount of $312,301.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended motion for default judgment against defendant Allen Exteriors, Inc., [Doc. #17] is **granted**.

Dated this 6th day of April, 2009.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court reduced amounts paid for roofing services as follows: payments to Cristino Ayala were overstated by $3,001; payments to Paulo Rodriguez were overstated by $4,383. The Court deducted $1,975 paid to "A Step Above Cleaning Company" which is identified in the general ledger as a cleaning company, not a roofer. Defendant made payments to many individuals who are identified in the ledger as independent consultants. Plaintiff seeks additional premium for the money paid to only one of them. Plaintiff does not offer any basis for including an independent consultant in the coverage and the $11,536 paid to Mr. Perez has been disallowed. Finally, payments to Turco Construction are identified as repayments on investments. There is no evidence in this record to establish that these payments ($245,010) were for roofing work.

[3] Payments to Seamless Systems were overstated by $1,452.

[4] Payments to Overhead Door were overstated by $315.